# BERNARD BLOCK v. DULUTH LOG COMPANY.[1]

## Nos. 19,823.

## October 27, 1916.

**Evidence — agency — ratification of acts of unauthorized agent.**

The evidence warranted the jury in finding that defendant ratified the purchase of certain cross ties made for it by an unauthorized agent.

Action in the district court for St. Louis county to recover $364.42 for certain railroad ties sold and delivered to defendant. The case was tried before Ensign, J., who, when plaintiff rested, denied defendant's motion to dismiss the action and at the close of the testimony denied motions for directed verdicts, and a jury which returned a verdict for $264.66. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Baldwin, Baldwin & Holmes,* for appellant.

*Hugh J. McClearn,* for respondent.

Holt, J.

Action for the price of cross ties sold and delivered by plaintiff to defendant. Plaintiff had a verdict. Defendant moved for judgment notwithstanding the verdict. The motion was denied. Judgment was entered and defendant appeals.

The only question for decision is whether there is any evidence to sustain plaintiff's right of recovery—the amount of the verdict not being in dispute. Plaintiff claimed that he sold the ties to defendant through one Hufschmid who represented himself as defendant's agent. Defendant obtained and disposed of the ties, but says it bought them from Hufschmid under a written contract, introduced in evidence. The court ruled that the evidence did not show Hufschmid to have been the agent of defendant, but left it to the jury to say whether defendant had so ratified Hufschmid's acts that the transaction could be considered a sale from plaintiff to defendant.

[1]Reported in 159 N. W. 760.

Plaintiff testified that when the ties were loaded on the cars, on June 5, 1912, or within a day or so thereafter, he mailed defendant an order given him by Hufschmid, showing the price defendant was to pay plaintiff, and that he received a letter in reply agreeing to pay him the amount specified. After defendant had received and sold the ties to a railroad company, one M. Cottrell asserted that part thereof had been wrongfully cut from his land and made a claim against defendant. The amount was finally adjusted between Cottrell and plaintiff, at defendant's request, for $160. Upon the voucher whereby defendant paid this claim is found these words: "For acccunt of Bernard Block to apply on order of J. Hufschmid dated June 17th, 1912." On June 18, 1912, defendant received a letter from Hufschmid wherein is found this: "Owing to the fact that Mr. B. Block of Mellen was a little skeptical as to my reliability, I trust that you will give him credit direct at 38 cents apiece on the following ties," specifying the cars on which the ties were loaded and the number of ties. On July 5, 1912, defendant wrote plaintiff that it had a letter from Hufschmid, directing the company to credit plaintiff's account with the proceeds from the cars mentioned. From this letter it is also to be inferred that the railroad company which had bought the ties from defendant had not then paid for them, and would not do so until a month later. A letter of November 16, 1912, written by defendant to plaintiff's attorney, refers to the claim of Cottrell, and states that defendant has requested Block to communicate with Cottrell and try to arrive at some satisfactory agreement with him, then continues: "We have voucher already prepared in favor of Mr. Block, but cannot forward it on account of these complications. Mr. Cottrell claims $215. We are under the impression Mr. Block can make an arrangement with him whereby he will accept less and dispose of the matter without trouble." This was afterwards accomplished by Block at the sum of $160, as already stated.

From the evidence alluded to the jury could readily conclude that long before defendant received and paid out the proceeds from these ties it knew that they were procured from plaintiff on the representation that defendant, and not Hufschmid, was to pay the agreed purchase price; that it acquiesced in the arrangement Hufschmid had made with plaintiff; that it credited the latter's account with the purchase price, and

charged this account with whatever it became necessary to pay on the alleged trespass claim of Cottrell; and that it had the voucher ready to pay plaintiff the agreed price, and would do so as soon as he would settle with Cottrell. It knew and recognized plaintiff as the owner of the ties and entitled to be paid 38 cents apiece for the same, provided no trespass claim attached to them. The jury were warranted in finding a ratification of Hufschmid's act in procuring the ties for defendant upon its credit. The judgment is a just judgment and is affirmed.